NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AREK FRESSADI; FRESSADI DOES I-III, Plaintiffs-Appellants, v. ARIZONA MUNICIPAL RISK RETENTION POOL, (AMRRP); et al., Defendants-Appellees. | No. 15-15566 D.C. No. 2:14-cv-01231-DJH MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Arek Fressadi appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal on statute of limitations grounds. *Lukovsky v. City & County of San*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Fressadi's § 1983 claims because Fressadi failed to file his action within the applicable two-year statute of limitations. *See id.* at 1048 (in § 1983 suits, federal courts use the forum state's statute of limitations for personal injury actions; § 1983 claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (Arizona provides two-year statute of limitations for personal injury claims).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Fressadi's state law claims after dismissing Fressadi's federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

The district court did not abuse its discretion in declining to grant Fressadi leave to file an amended complaint. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

15-15566

In light of our disposition, we do not consider Fressadi's contentions regarding the merits of his claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

State defendant-appellees' request for judicial notice (Docket Entry No. 66) is granted.

Fressadi's motion seeking waiver of the requirement to submit hard copies of his opening brief and reply brief (Docket Entry No. 100) is granted.

Fressadi's motion to file an enlarged reply brief (Docket Entry No. 102) is granted. The Clerk shall file Fressadi's reply brief submitted at Docket Entry No. 103.

All other pending motions and requests (Docket Entry Nos. 38, 53, 54, 55, 56, 86, 101, 111, 119, and 120) are denied.

**AFFIRMED.**